IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC<br><br>Defendants. | Cause No. 2:21-cv-00095-BMM<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

The discovery sought in the above-styled case may involve the production of documents, information, and/or things containing business, competitive, proprietary, trade secret or other information of a sensitive, private, and confidential nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.  Accordingly, the parties having agreed to enter into this Stipulated Confidentiality Order ("the Order") to govern the production of documents,

provision of information and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

## DESIGNATION OF CONFIDENTIAL INFORMATION

1.  *Designation of Material*.  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.

2.  *Subsequent Designation*.  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within thirty (30) days of the original production or entry of this Order be designated as Confidential by the producing party by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.  In the event of an inadvertent disclosure of Confidential Information without the appropriate designation, the designating party will promptly provide counsel a replacement of the information containing the appropriate designation.

The non-designating party then must immediately return the original information and all copies to the designating party or destroy all copies of the original information.

      3.    *Designation of Depositions*.  Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.  For depositions that have already occurred prior to entry of this Order, a party may claim that a deposition or any portion thereof is Confidential Information within fourteen (14) days after entry of this Order.

      4.    *Modification of Designation*.  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

b) In the event that any party objects to the designation of Confidential Information, that party shall make the objection known and thereafter, counsel shall meet and confer (by telephone or otherwise) in a good faith attempt to resolve the dispute.  Such efforts should include, if appropriate, a narrowing of the scope of the material designated as Confidential

Information.  In the event that the dispute is unresolved, the party making the confidentiality designation may file for a protective order within fourteen (14) days after the parties have been unsuccessful in their efforts to resolve the dispute.  The party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted.  If the designating party does not timely file for a protective order, the document shall be deemed to no be confidential.

## ACCESS TO CONFIDENTIAL INFORMATION

5. *General Access*.  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

a) To counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation).

b) To the parties after they have been given a copy of this Confidentiality Stipulation.

c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter that is marked Confidential in whole or in part.

d) Lay or expert witnesses or consultants who sign Exhibit A attached hereto.

e) The Court and its personnel.

f) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed by counsel.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. *No Copies/Notes*. Except for internal use by counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. *Disputes over Access*. If a dispute arises as to whether a person who is not authorized to have access under Paragraph 5 should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## USE OF CONFIDENTIAL INFORMATION

8. *Use in this Litigation Only*. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. *Use at Depositions*. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is

to be discussed, any person not entitled under this Order to receive the Confidential Information.

10.   *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Evidence, anything containing Confidential Information which has been designated by the other party as a proposed trial exhibit, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party that made the confidentiality designation obtains an appropriate protective order from the Court.  If no such order is obtained and anything containing Confidential Information is in fact offered into evidence, such Confidential Information shall cease to be protected by this Agreement.

11.   *Filing.*  Given the scope and nature of the claims in this case, the parties agree that, notwithstanding Local Rule 26.4(b)(2), the parties may file designated Confidential Information subject to this Order in a redacted form in anticipation that the Court will grant leave to redact.  A party need not await ruling on a motion for leave to redact before filing designated Confidential Information subject to this Confidentiality Order in a redacted form.  If the confidentiality of the designated Confidential Information sought to be filed in a redacted form has not been objected to pursuant to Paragraph 4(b), a party will not oppose a motion for leave to redact and parties need not communicate regarding opposition to such motions for leave to redact as may otherwise be required under Local Rule

7.1(c)(1).  If the confidentiality of the designated Confidential Information sought to be filed in a redacted form has been objected to pursuant to Paragraph 4(b), the party seeking leave to redact will communicate with the opposing party concerning the motion for leave to redact in accordance with Local Rule 7.1.

12. *Reasonable Precautions*.  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation*.  Within forty-five (45) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## OTHER PROVISIONS

14. *Subpoenas and Third Parties*: For the purposes of this Order, third parties producing documents pursuant to Rule 45 subpoenas shall have the same rights as parties to designate documents as confidential, in which case the protections and procedures set forth herein shall similarly apply to them.

15. *Not an Admission*.  Nothing herein shall be construed as a determination that any particular document or material designated as "confidential" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal

Rules of Civil Procedure. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

16. *Miscellaneous*. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

17. *Modification*. Any party may move to modify this Order for good cause.

Plaintiffs and Defendants, by their undersigned counsel, stipulate and consent to the entry of this Protective Order. The parties may sign this Protective Order in counterparts.

DATED this 21st day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court

## Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC<br><br>Defendants. | Cause No. 2:21-cv-00095-BMM<br><br>**EXHIBIT A TO STIPULATED CONFIDENTIALITY ORDER** |

I, _____, have been provided with access to documents, information, and/or things related to the above-captioned case containing business, competitive, proprietary, trade secret or other information of a sensitive, private, and confidential nature, hereafter referred to as "Confidential Information." I have read and understand the Stipulated Confidentiality Order entered in the above-captioned case and agree to not disclose any Confidential Information in accordance with the Stipulated Confidentiality Order.

_____        _____
Signature                                                                                    Date

_____
Printed Name