IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT,<br><br>       Plaintiffs,<br><br>vs.<br><br>BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC,<br><br>       Defendants. | CV-21-95-BU-BMM<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

Defendants Boyne, USA, Inc., Boyne Properties, Inc., and Summit Hotel LLC (collectively "Boyne") have filed a second Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 27.) Plaintiffs oppose this motion. (Doc. 34.)

## FACTUAL AND LEGAL BACKGROUND

Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC (collectively "Boyne") own and operate Big Sky Resort, as well as three

condominium-hotels at the base of Big Sky known as the Summit, Shoshone, and Village Center (collectively "the Condos"). (Doc. 26 at 2, 5.) Private parties own the majority of the Condos. (*Id.* at 3.) Plaintiff Larry Anderson ("Anderson") owns a unit in the Shoshone. (*Id.*) Plaintiffs Bob and Nora Erhart ("Erharts") own units in the Summit. (*Id.*) Plaintiff Tjarda Claggett ("Claggett") owns a unit in the Village Center. (*Id.* at 4.) Boyne owns all commercial units and some residential units. (*Id.* at 6.)

Boyne marketed the Condos as investments to prospective purchasers and made representations regarding the economic benefits of ownership. (*Id.* at 8.) Title to the Condos is subject to certain Declarations. (Doc. 4 at 8.) Boyne drafted the Declarations for the Condos. (Doc. 9 at 12.) Boyne does not allow amendment to the Declarations without its consent. (*Id.*)

The Declarations allow Condos to be used either by the unit owners or as "transient hotel type accommodation." (*Id.*) The Declarations require all unit owners to use Boyne, or an agent designated by Boyne, as their exclusive rental agents. (*Id.*) Unit owners may decide not to renew the rental management contract with Boyne after three years. (*Id.*) A decision not to renew the rental management contract with Boyne requires a vote of 75 percent of unit owners. (*Id.*) Boyne itself owns all of the commercial units in the Village Center. (*Id.*) Boyne also owns

several residential units. (*Id.* at 13.) Boyne's ownership constitutes 22 percent of the voting units. (*Id.* at 12.)

Boyne prepared the rental-management agreement ("RMA") that unit owners must sign with Boyne if they are not using their unit for personal use. (*Id.* at 14.) The RMA requires unit owners to employ Boyne as their exclusive agent for the purposes of renting, managing, and operating the unit. (*Id.*) The RMA requires unit owners to pay Boyne 50 percent of gross rental revenue "after the payment of costs." (*Id.*).

Boyne charges unit owners several costs, per the RMA, including resort fees, credit card processing fees, wholesalers, and travel agent commissions. (Doc. 4 at 11.) Boyne also controls the central reservation center through which guests of the Condos make their reservations. (Doc. 26 at 11.) Boyne uses this system to control pricing for each of the units and to determine which units are booked first. (*Id.*)

Plaintiffs allege that their contracts with Boyne violate state and federal law. (Doc. 4 at 6.) Plaintiffs initially pled their claims as a putative class. (*Id.*) Plaintiffs alleged eight causes of action: (I) breach of fiduciary duty; (II) constructive fraud; (III) breach of contract; (IV) breach of the implied covenant of good faith and fair dealing; (V) unjust enrichment; (VI) antitrust claims; (VII) accounting; and (VIII) declaratory relief claims. (*Id.* at 6–7.)

The Court conducted a hearing on Boyne's first motion to dismiss on May 19, 2022. (Doc. 13.) The Court granted Boyne's motion, in part, and dismissed Count VII on July 7, 2022. (Doc. 15.) Plaintiffs filed a First Amended Complaint ("FAC") on November 3, 2022. (Doc. 26.) The FAC omits Count VII and adds the phrase "and other condominiums" to most mentions of the Condos. (*See id.* at 2, 5–6, 23.) The FAC otherwise proves very similar to the Complaint.

Boyne filed a second motion to dismiss on November 17, 2022. (Doc. 27.) The motion seeks dismissal of Count II (constructive fraud). (Doc. 28 at 4–6.) Plaintiffs filed a Response on December 16, 2023. (Doc. 34.) Boyne filed a Reply on January 6, 2023. (Doc. 37.) The Court conducted a motion hearing on January 12, 2023. (Doc. 38.)

## LEGAL STANDARDS

### I.     Motion for Reconsideration.

"No one may file a motion for reconsideration of an interlocutory order without prior leave of court." D. Mont. L.R. 7.3(a). Moreover, "[n]o motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before the entry of the order." *Id.* at 7.3(c). A motion for reconsideration proves appropriate only in limited circumstances, such as where new material facts have arisen or a change of law has occurred after entry of an order. *Id.* at 7.3(b)(2).

## II. Motion to Dismiss.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim possesses facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

Boyne moves to dismiss Count II (constructive fraud) on the basis that Plaintiffs' claims are time-barred. (Doc. 28 at 8–9.) Plaintiffs argue that Boyne's motion should be construed as an improper motion for reconsideration and denied on that basis. (Doc. 34 at 10–11.) Plaintiffs also assert that the statute of limitations does not bar their constructive fraud claims on the basis of the continuing tort, fiduciary, and discovery exceptions. (*Id.* at 12–17.)

## I. Whether Boyne's Motion Should be Construed as a Motion for Reconsideration.

Plaintiffs urge the Court to construe Boyne's second motion to dismiss (Doc. 27) as a motion for reconsideration. (Doc. 34 at 10–11.) Local Rule 7.3(a) requires a party to obtain leave of the Court before filing a motion for reconsideration. L.R. 7.3(a). A party seeking reconsideration of an interlocutory order may not "repeat any oral or written argument" raised before entry of the order and must demonstrate new material facts, a change of law, or justifiable lack of awareness of

material facts or law before entry of the order. *Id.* at 7.3(b)–(c). Plaintiffs argue that Boyne's motion to dismiss should be dismissed because it raises arguments already covered by the Court's Order issued on July 7, 2022 (Doc. 15). (Doc. 34 at 10–11.) Boyne has not sought leave of the Court to file a motion for reconsideration. Plaintiffs contend that Boyne has failed to identify new material facts, a change in law, or a justifiable lack of awareness of existing material facts or law as required by L.R. 7.3.

Boyne asserts that its second motion to dismiss proves proper. (Doc. 37.) Boyne argues that the Court's July 22, 2022, Order determined only that the limitations period did not bar Plaintiffs' breach-of-contract claims. (*Id.* at 14.) Boyne maintains that the Order did not address the limitations tolling issue with respect to Plaintiffs' constructive fraud claim. (*Id.*)

Plaintiffs' argument that Boyne's motion represents an improper motion to reconsider is well-taken. L.R. 7.3. Boyne expands a subset of the same arguments from its first motion to dismiss regarding the applicable limitations period. (*Compare* Doc. 4 at 14–16, *and* Doc. 28 at 6–17.) The Court will consider the merits of Boyne's motion, however, for the sake of completeness of the Record.

## II. Whether the Limitations Period Bars Plaintiffs' Constructive Fraud Claims.

Montana law imposes a two-year limitations period for constructive fraud claims. Mont. Code Ann. § 27-2-203. A claim or cause of action accrues when all

6

elements of the claim or cause exist or have occurred. Mont. Code Ann. § 27-2-102(1)(a).

### A. Boyne and Plaintiffs' Limitations Period Arguments.

Boyne argues that Plaintiffs' constructive fraud claims accrued when Plaintiffs signed their RMAs. (Doc. 28 at 13–14.) Erharts signed their first RMA on November 12, 2006, Anderson on October 20, 2011, and Clagett on June 27, 2014. (Doc. 4 at 1.) Boyne contends that Plaintiffs were aware at the time of signing their RMAs of the provisions they now deem illegal. (Doc. 28 at 14, 16.)

Plaintiffs allege that their claims continue to accrue on a continuing basis because of the continuing tort exception and the fiduciary duty. (Doc. 34 at 12–17.) Plaintiffs argue that their constructive fraud claims continue to accrue. Plaintiffs point to the fact that they all remain subject to their RMAs and Boyne continues to receive substantial benefits and unjust enrichment from the arrangement. (*Id.* at 17.)

Boyne counters that Plaintiffs cannot rely on the continuing tort doctrine. (Doc. 28 at 17–19; Doc. 37 at 6–8.) Boyne relies on *Gomez v. State*, 975 P.2d 1258 (Mont. 1999). *Gomez* involved a claim for injuries resulting from workplace exposure to harmful paint and chemical fumes. *Id.* at 1259. The Montana Supreme Court declined to apply the continuing tort exception when it determined that the

plaintiff should have known that chemical exposure at work was causing his injuries. *Id.* at 1263.

Plaintiffs next argue that the fiduciary duty exception tolls the limitations period of their constructive fraud claims. (Doc. 34 at 8, 13–16.) Plaintiffs argue that Boyne has breached its fiduciary duty and fraudulently concealed its misconduct by failing to disclose room rates, resort fees, taxes, forfeited deposits, or other fees deducted by Boyne in Plaintiffs' monthly statements. (Doc. 34 at 13–14.)

Boyne argues that the fiduciary duty exception applies only in circumstances where the facts constituting a claim prove concealed or self-concealing, or a defendant has prevented the party from discovering the injury or cause. (Doc. 28 at 20.) Boyne relies upon *Wolfe v. Flathead Electric Cooperative, Inc.* for the proposition that courts impute knowledge of the law in the context of a fiduciary relationship. 431 P.3d 327, 328–29. (Doc. 28 at 20.) Boyne additionally repeats its argument that Plaintiffs' claims are time-barred because Plaintiffs were on notice of the applicable law based on the content of their RMAs. (*Id.* at 20–21.)

**B. Analysis.**

The limitations period does not begin to run on any cause of action when the facts constituting a claim are by their nature concealed or self-concealing, or before, during, or after causing the injury, a defendant has taken an action that

prevents an injured party from discovering the injury or its cause. Mont. Code Ann. § 27-2-102(3). In addition, "[m]ere silence or failure to disclose or reveal information in the presence of a duty to disclose can constitute fraudulent concealment sufficient to toll the statute of limitations." *Textana, Inc. v. Klabzuba*, 222 P.3d 580, 587 (Mont. 2009).

The Court already has considered and rejected Boyne's limitations period arguments in its July 7, 2022, Order. (Doc. 15.) Boyne never challenged the limitations period for Plaintiffs' breach-of-contract claims in its original motion to dismiss. (Doc. 4 at 14.) Boyne now claims that the Order focused on Plaintiffs' contract claims and does not control as to the constructive fraud claims. (Doc. 28 at 4.)

Boyne mischaracterizes the Court's Order. The Order determined that "Plaintiffs' claims have continued to accumulate so long as Boyne has acted as their rental manager, and, therefore, the claims are not time barred." (Doc. 15 at 6.) It applies to Plaintiffs' constructive fraud claims. The Order additionally determined that Plaintiffs sufficiently had pled continuing torts by Boyne. (*Id.* at 8–9.) The Court also concluded that Boyne owes a fiduciary duty to its unit owners: "Boyne's role as rental manager proves sufficient to establish a fiduciary relationship." (Doc. 15 at 8.) The Court specified in its July 7, 2022, Order that this fiduciary duty exists "independent of [Boyne's] contract with Plaintiffs." (*Id.* at 9.)

This duty "encompass[es] full disclosure." *Adams v. Cheney*, 661 P.2d 434, 441 (1983) (internal citation and quotation marks omitted).

*Gomez* and *Wolfe* fail to salvage Boyne's arguments. Former members of a rural electrical cooperative brought breach-of-contract claims against the cooperative in *Wolfe*. 431 P.3d at 328. The plaintiffs challenged the defendant cooperative's alleged withholding of a revenue refund from its members. *Id.* The Montana Supreme Court granted summary judgment in favor of the cooperative on the basis that the statute of limitations barred the plaintiffs' claims. *Id.* at 328. The Montana Supreme Court determined in *Wolfe* that no fiduciary relationship existed between the cooperative and its members. *Id.* at 328–29. Boyne, by contrast, owes Plaintiffs a fiduciary duty. (Doc. 15 at 9.)

*Gomez* similarly proves distinguishable. *Gomez* involved no fiduciary relationship. 975 P.2d at 1263. The decision in *Gomez* concerned latent disease claims rather than claims of constructive fraud. 975 P.2d at 1259–60. The plaintiff in *Gomez* had conceded that application of the discovery doctrine would bar his claim. *Id.* Plaintiffs have made no such concession. Finally, the plaintiff in *Gomez* no longer was experiencing the alleged harm when he filed suit four years after his employment and the attendant chemical exposure had ended. *Id.* The Court already has recognized that Plaintiffs have pled continuing torts. (Doc. 15 at 8–9.)

Boyne's statute of limitations arguments prove unavailing. Plaintiffs remain in the rental management program. (Doc. 34 at 13.) Boyne remains Plaintiffs' exclusive rental agent. (*Id.* at 16.) Boyne owes Plaintiffs a fiduciary duty. (Doc. 15 at 9.) Plaintiffs' challenge in their constructive fraud claims to Boyne's alleged revenue siphoning and concealment constitutes conduct that allegedly continues. (*Id.* at 12–17.) As discussed above, the Court already has recognized Plaintiffs' allegations as establishing continuing torts sufficient to survive a motion to dismiss. (Doc. 15 at 8–9.) Boyne cannot escape liability for ongoing, illegal action just because it has been engaging in that conduct for many years. The Court will deny Boyne's motion to dismiss Count II of Plaintiffs' FAC. (Doc. 27.)

## ORDER

Accordingly, **IT IS ORDERED:**

1. Defendants' Second Motion to Dismiss (Doc. 27) is **DENIED.**

Dated this 22nd day of February, 2023.

_____
Brian Morris, Chief District Judge
United States District Court