IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC,<br><br>    Defendants. | CV-21-95-BU-BMM<br><br>**ORDER REGARDING MOTION FOR CLARIFICATION (DOC. 130) AND ORDER OF REMAND (DOC. 136)** |

## INTRODUCTION

Plaintiffs Larry Anderson ("Anderson"), Bob and Nora Erhart ("Erharts"), and Tjarda Claggett ("Claggett") brought this action against Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC (collectively "Boyne"). (Doc. 26.) Plaintiffs filed a Motion to Maintain the Status Quo on February 3, 2023. (Doc. 48.) Boyne announced its intention to terminate Plaintiffs' rental management agreements ("RMAs"), effective February 24, 2023. (Doc. 49-1.) The Court granted, in part, and denied, in part, the motion on February 23, 2023. (Doc. 68; Doc. 73.) The Court's order prohibited Boyne from termination RMA for a period of 60 days.

(Doc. 73.) The Court orally granted a 60-day extension of this order on April 12, 2023. (Doc. 81.) The Court failed to put this oral order in writing or include it in the minute entry. The Court granted class certification on June 28, 2023. (Doc. 113.) The Court neglected to state in the order granting class certification that the Court's ruling rendered moot the preliminary injunction prohibiting termination of the RMAs during the pendency of the class certification question.

Boyne represented at the arguments in front of the Ninth Circuit that it was unclear whether the Court permanently had enjoined them from terminating Plaintiffs' rental agreements. (Doc. 131 at 8–14.) Plaintiffs filed a Motion to Clarify on Order Regarding Temporary Injunction, Rule 10(e) Supplementation and Request for Expedited Consideration on September 15, 2023. (Doc. 130.) The Ninth Circuit remanded for clarification as to whether the order prohibiting termination of the rental agreements remained in effect. (Doc. 136.)

The Court now clarifies that the order prohibiting Defendants from terminating RMAs (Doc. 68; Doc. 73) has expired. The Court granted the temporary injunction due to concerns that "Boyne's notification to Plaintiffs regarding its intent to terminate the RMAs threaten[ed] to exert undue economic pressure upon Plaintiffs and to undermine 'the integrity of the class certification process.' *O'Connor*, 2014 WL 1760314, at *3." (Doc. 73 at 16.) Certification of the class extinguished these concerns. Class certification rendered moot the purpose for the

order granting in part and denying in part Plaintiffs' Motion to Maintain the Status Quo.

## ORDER

Accordingly, **IT IS ORDERED:**

1. The Court's oral order extending the temporary injunction that prohibited Boyne from terminating its Rental Management Agreements with the Plaintiffs extended only 60 days from its entry on April 12, 2023.

2. The Court's order granting Plaintiffs' Motion for Class Certification on June 28, 2023, extinguished the need for the temporary injunction that prohibited Boyne from terminating its Rental Management Agreements with Plaintiffs.

3. The temporary injunction that prohibited Boyne from terminating its Rental Management Agreements with Plaintiffs has expired and no longer is in effect.

DATED this 4th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court