# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST; ROBERT AND NORA ERHART; and TJARDA CLAGETT,<br><br>        Plaintiffs,<br><br>  v.<br><br>BOYNE USA, INC.; BOYNE PROPERTIES, INC.; and SUMMIT HOTEL, LLC,<br><br>        Defendants. | **No. CV 21-95-BU-BMM**<br><br><br><br>**ORDER** |

## INTRODUCTION

Plaintiffs Lawrence Anderson, Robert and Nora Erhart, and Tjarda Clagett (collectively "Plaintiffs") have filed a motion to quash subpoenas. (Doc. 277.) Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC (collectively "Boyne") oppose the motion. (Doc. 285.) The Court heard limited argument on this issue at the motion to decertify hearing on October 17, 2024. (Doc.

1

273.) The Court directed parties to submit simultaneous briefs on the issue. (*Id.*; Doc 275; Doc 276.)

## FACTUAL AND PROCEDURAL BACKGROUND

The Court previously has recited the factual background in this case at length. *See Anderson v. Boyne USA, Inc.*, 2023 WL 4235827 (D. Mont. June 28, 2023); *Anderson v. Boyne USA, Inc.*, 2024 WL 1486091 (D. Mont. Apr. 5, 2024). The Court will not reiterate here the factual background. The procedural background relevant to the motion before the Court is described below.

Defendants issued subpoenas to Saddlebrook Resorts, Inc. and Latitude Management & Consulting, LLC on October 3, 2024, and October 9, 2024, respectively. (Doc. 276 – 1; Doc. 276 – 2.) Plaintiffs filed a motion to quash the subpoenas on October 25, 2024.

## LEGAL STANDARD

 Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery that can be requested through a Rule 45 subpoena is the same as that applicable under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within

2

the scope of Rule 26(b).”); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (“It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.”). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Subpoenas have limits. Subpoenas often burden third parties to an extent greater than the value of the documents that they produce. A court must balance these interests. A district court's ultimate decision on whether to quash a subpoena is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

## DISCUSSION

Boyne argues that Plaintiffs' motion to quash should fail for two reasons. Boyne argues that a Rule 45 subpoena represents is a proper mechanism to obtain documents from an expert witness. In the alternative, Boyne argues Plaintiffs' motion to quash should fail because it is procedurally deficient. The Court will address these arguments in turn and will grant Plaintiffs' motion to quash.

## I.   Whether serving a Rule 45 subpoena on an expert witness is proper.

Using a Rule 45 subpoena to procure documents from an expert witness presents a novel issue before the Court. Neither party cites any precedent from the Ninth Circuit. Both parties cite numerous cases from district courts across the

country. (Doc. 276 at 10–11; Doc. 278 at 6–9.) Some of these district court decisions allow a Rule 45 subpoena on an expert witness; others do not. *See, e.g., United States v. Bazaarvoice, Inc*, 2013 WL 3784240 (N.D. Cal. July 18, 2013) (finding the use of a Rule 45 subpoena on an expert witness is proper); *Spencer v. Greenwald,* 2022 WL 2180052 (D. Idaho June 15, 2022) (finding the use of a Rule 45 subpoena on an expert witness is improper).

The Court determines that granting the motion to quash represents a proper way to limit the scope of Rule 45 to the limitations within Rule 26. The Court draws its reasoning from the District of Idaho in *Spencer v. Greenwald.* 2022 WL 2180052. The plaintiff in *Spencer* brought a medical malpractice suit against a doctor and the hospital. *Id.* at *1. The hospital hired a surveillance company to surveil the plaintiff and gather evidence about his physical condition. *Id.* The hospital anticipated that a representative of the surveillance company would testify at trial. *Id.* The defendants disclosed a surveillance report and a condensed version of the video. *Id.* The parties met and conferred, and the defendants supplemented the video with additional video footage. *Id.* The plaintiffs were unhappy with the supplement and served the surveillance company with a subpoena seeking a broad array of information related to its surveillance of the plaintiff. *Id.* at *1–2. The district court granted the defendant's motion to quash. *Id.* at * 3.

4

The district court in *Spencer* aligned its reasoning with other district courts that sought to operate "Rules 26 and 30 . . . as a control, or brake if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial." 2022 WL 2180052 at * 3 (quoting *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017) (emphasis in the original); *see also Marsh v. Jackson*, 141 F.R.D. 431, 431 (W.D. Va. 1992) ("[r]ule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case . . . the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45."); *Morriss v. BNSF Ry. Co.*, 2014 WL 128393, at *5, n. 1 (D. Neb. Jan. 13, 2014) ("irrespective of the rule deployed, expert discovery beyond the scope of Rule 26(a)(2) and 26(b)(4) is impermissible absent some threshold showing of need"); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("Plaintiff's attempt to obtain discovery documents from a party's expert at trial via a Rule 45 subpoena is unauthorized by the federal rules"); *Greer v. Anglemeyer*, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996) (same).

The Court sees no reason to depart from the above reasoning and remove the Rule 26 brake on the use of Rule 45 subpoenas. The Court determines in this

circumstance that a Rule 45 subpoena should not be used to gather information from a retained expert witness beyond the restrictions laid out in Rule 26. If Plaintiffs' experts plan to testify that Defendants' rental contract practices violated industry standards and that they revealed this conclusion because Plaintiffs' experts employed the same methods in their rental management practice, that information should be disclosed under Rule 26.

## II.   Whether Plaintiffs' motion to quash is procedurally deficient.

Boyne argues that Plaintiffs' motion to quash is procedurally deficient for three reasons. Boyne contends Plaintiffs lack standing to challenge the subpoena, that Plaintiffs did not timely file the motion to quash, and that the motion to quash challenging the subpoena of Saddlebrook should have been filed in the Middle District of Florida. (Doc. 276 at 2.)

### A. Standing

Boyne's argument that Plaintiff lacks standing to object to the Rule 45 Subpoenas lacks merit. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (citing *In re Grand Jury*, 619 F.2d 1022, 1027 (3rd Cir. 1980)). Plaintiffs hired the two witnesses as retained experts for their lawsuit. Plaintiffs have a legitimate interest in their experts

disclosing information related to their lawsuit. Plaintiffs, therefore, have standing to object to the subpoena. *Raineri*, 670 F.2d at 712.

### B. Timeliness

A party generally must object to a Rule 45 subpoena before the earlier of 14 days of subpoena service or the response date. Fed. R. Civ. P. 45(d)(2)(B). A court may overlook an untimely challenge to a Rule 45 Subpoena if it finds good cause. *See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516–17 (S.D.N.Y. 2022); *Celanese Corp. v. E. I. duPont de Nemours & Co.*, 58 F.R.D. 606 (D. Del. 1973) (finding strict application of objection timing to subpoena was not applicable because the delay was based in part on discussions between counsel).

The Court has been involved extensively with discovery in this case. The parties informed the Court of the objection to these subpoenas via a telephonic conference on October 10, 2024. (Doc. 261.) The Court instructed the parties to discuss the issue at the October 17, 2024, motion hearing. (*Id.*; Doc. 273.) Parties discussed the motion before the Court, and the Court instructed parties to submit simultaneous briefs on the issue by October 26, 2024. (Doc. 273.) Parties submitted briefs on October 25, 2024. (Doc. 276; Doc. 278.) The Court finds good cause to excuse Plaintiffs' untimely filing of a motion to quash. (Doc. 277); *In re DMCA*, 581 F. Supp.3d at 516–17.

7

### C. Filing Location

For the same reason as discussed regarding the timeliness issue, the Court finds good cause for the location of filing the motion to quash. The Court has had extensive involvement in discovery in this case and finds filing the motion to quash before this Court is proper.

## CONCLUSION

The Court grants Plaintiffs' motion to quash. The Court finds the use of a Rule 45 subpoena on Plaintiffs' expert witnesses improper and should be limited to the scope of Rule 26. The Court further finds good cause to excuse Plaintiffs' procedural issues regarding the motion to quash.

## ORDER

Accordingly, **it is ORDERED** that Plaintiffs' Motion to Quash Subpoenas (Doc. 277) is **GRANTED**. **IT IS FURTHER ORDERED** that:

1) If Plaintiffs' experts plan to testify that Defendants' rental contract practices violated industry standards and that they revealed this conclusion because Plaintiffs' experts employed the same methods in their rental management practice, that information should be disclosed under Rule 26.

DATED this 4th day of November, 2024.

Brian Morris, Chief District Judge
United States District Court