IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST; ROBERT AND NORA ERHART; and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>v.<br><br>BOYNE USA, INC.; BOYNE PROPERTIES, INC.; and SUMMIT HOTEL, LLC,<br><br>Defendants. | No. CV 21-95-BU-BMM<br><br>ORDER |

INTRODUCTION

The Court addresses one outstanding summary judgment motion from Plaintiffs Lawrence Anderson, Robert and Nora Erhart, and Tjarda Clagett (collectively "Plaintiffs"). Plaintiffs filed a motion for partial summary judgment regarding Montana recordkeeping and trust account regulations for property managers. (Doc. 266.) Defendants oppose the motion. (Doc. 294.) The Court held a hearing on the motion on December 16, 2024. (Doc. 334.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Court previously has recited the factual background in this case at length. *See Anderson v. Boyne USA, Inc.*, 2023 WL 4235827 (D. Mont. June 28, 2023); *Anderson v. Boyne USA, Inc.*, 2024 WL 1486091 (D. Mont. Apr. 5, 2024). The Court will not reiterate here the factual background causing this litigation.

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

## DISCUSSION

**I. Montana Recordkeeping and Trust Account Regulations for Property Managers**

Plaintiffs ask the Court for partial summary judgment on four issues: (1) that Boyne is subject to Montana's property management regulations; (2) that Boyne violated recordkeeping and retention obligations; (3) that Boyne mishandled trust funds; and (4) that Boyne's non-compliance constitutes unprofessional conduct.

(Doc. 267 at 6–8.) The Court will grant summary judgment on the first issue and deny the rest.

As a threshold issue the Court finds Defendants' argument that Plaintiffs' motion should be denied because it does not ask the Court to decide a claim at issue unpersuasive. (Doc. 294 at 15–19.) Though it remains true that a plaintiff cannot raise a claim at summary judgment if the "complaint does not include the necessary factual allegations to state a claim," a party can move for summary judgment on a claim, defense, or part of a claim. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008); Fed. R. Civ. P. 56(a). The Court already has determined that this case includes the issue of whether Boyne violated Montana's property management regulations. (Doc. 116 at 10.)

### A. Whether Boyne is Subject to Montana's Property Management Regulations

Mont. Code Ann. §§ 37-56-101, *et seq.* and Mont. Admin. R. §§ 24.209.4, *et seq.* govern property management in Montana. A property manager in Montana is "an individual who engages in the business of leasing, renting, subleasing, or other transfer of possession of real estate located in this state without transfer of the title to the property." Mont. Code Ann. § 37-56-101(2). No credible argument exists that Boyne is not a property manager, and by their own admission, "Boyne functions as a property manager." (Doc. 294 at 20; *see also* Doc. 267 at 11–12.)

3

Defendants argue that Montana's property management regulations, specifically the trust accounting rules, do not apply to short-term vacation rentals like Boyne's. (*Id.* at 20–23.) Defendants argue that the terminology used in the rules, such as "rent payments," "lease," and "rental transaction," does not align with the nature of short-term vacation stays, where guests pay a "room rate" for temporary use rather than rent. (*Id.*) Defendants also point to a 2016 audit by the Board of Realty Regulation where the Board acknowledged that existing rules might not apply to vacation properties and anticipated possible amendments to the regulations. (*Id.*) Such amendments have not been made. (*Id.*) The Court finds the argument unpersuasive.

Montana's trust account regulation requires "property managers who receive any deposits, rent payments, or other monies on behalf of other persons must deposit such funds in a trust account per 37-56-101, MCA, and maintain the account according to this rule." Mont. Admin R. § 24.209.601. Defendants focus their argument on "rent payments" and their claim that hotels guests do not pay rent. (Doc. 294 at 20–23.) Defendants' argument fails for two reasons.

Defendants fail first to acknowledge that the trust account regulations are more expansive than "rent payments" and include "any deposits . . . or other monies." Mont. Admin R. § 24.209.601. The 2016 version of the rule that Defendants cite in addition to the current rule also encompasses more than just "rent

4

payments" and includes "all deposits . . . or other trust funds." *See* Mont. Admin R. § 24.210.805(1) (2016).

Defendants cite three cases to support the assertion that hotel guests do not pay rent. *See In re Mid-City Hotel Assocs.*, 114 B.R. 634, 641 (Bankr. D. Minn. 1990); *In re Kearney Hotel Partners*, 92 B.R. 95, 99 (Bankr. S.D.N.Y. 1988); *In re Ocean Place Dev., LLC.*, 447 B.R. 726, 732 (Bankr. D.N.J. 2011). Defendants fail to acknowledge that the hotels in the cited cases are all traditional hotels where guests pay for a room owned and operated by the hotel. Boyne's situation differs. Boyne's operation includes a traditional hotel where Boyne owns and operates rooms. Boyne's operation also includes, however, privately owned condos that Boyne rents, effectively serving as a property manager for the private owners of the condos.

The overwhelming evidence shows also that the condos are rentals thereby subjecting Boyne to Montana property management regulations. (*See* Doc. 267 at 11–12; Doc. 315 at 6–7.) Defendants fail in their argument that the Montana regulations do not apply to traditional hotels. The Court agrees that the regulations do not apply to traditional hotels. Boyne, by contrast, manages condos that it does not own. This management activity places Boyne outside the scope of traditional hotels and subjects it to Montana property management regulations.

5

### B. Whether Boyne Violated Recordkeeping and Retention Obligations

The issue of whether Boyne violated recordkeeping and retention obligations remains rife with disputed facts, and the Court will deny summary judgment. Plaintiffs argue that Boyne failed to maintain records before 2012 and produce a chronological record of transactions affecting each unit. (Doc. 267 at 21–22.)

Montana's recordkeeping requirement has changed significantly over time. No regulations existed before March 1999. Between March 1999 and September 2007, the regulations required property managers to keep "permanent records of all funds and property of others received" for five years from the "date of receipt." Mont. Admin. R. § 24.210.805(12) (2005). Between September 2007 and September 2012, the requirements were changed to be owner-specific. *See* Mont. Admin. R. § 24.210.805(12) (2007), (2010). Between September 2012 and September 2024, the record requirement was changed to be chronological, and the retention requirement was adjusted from 5 to 8 years. Mont. Admin. R. § 24.210.805(11), (13) (2012). The regulations changed again in September 2024 to eliminate the owner-specific requirement. *See* Mont. Admin. R. § 24.209.601(10) (2024).

Defendants have produced substantial records dating back to 2008. (*See* Doc. 296, ¶¶ 76–77.) Defendants contend that these records include a large swath of information containing chronological records, owner data, transaction data, and

6

guest data, among other things. (Doc. 294 at 12, 29–30.) Boyne argues that various information can be used to fill any gaps in information and meet recordkeeping requirements. Defendants contend further that the pre-2012 records were maintained on a server for the required five-year retention period before being destroyed. (Doc. 296, ¶¶ 73–75.) Whether the records meet the recordkeeping and retention obligations during the various time periods presents a factual dispute. The Court will deny summary judgment on this issue.

### C. Whether Boyne Mishandled Trust Funds

Plaintiffs argue that Boyne violated trust account rules by depositing rental receipts into its own accounts instead of directly into the unit owners' trust account. (Doc. 267 at 26.) Plaintiffs claim Boyne only deposits a portion of guest payments into the trust account after internally allocating funds for fees and costs. (*Id.*) Plaintiffs assert that this practice conceals the true income and expense breakdown from owners and violates Montana regulations on trust accounts. (*Id.* at 25.) The Court finds that genuine issues of material fact exist that preclude summary judgment on this issue.

Mont. Admin. R. § 24.209.601(4)(d) allows property managers to "deposit monies belonging to others into a trust account within three business days, unless otherwise provided in the lease or rental agreement." Parties to a contract can "agree to terms governing their private conduct as long as those terms do not conflict with

7

public laws. *Lenz v. FSC Secs. Corp.*, 414 P.3d 1262, 1271 (Mont. 2018) (internal quotation omitted). The Rental Management Agreement ("RMA") allows Boyne to "deposit rental receipts from Owner's Unit with receipts collected from other Units." (Doc. 296, ¶ 63.) The RMA allows Boyne also to transfer fundto its trust account "when a guest checks out of a unit, and the liability is recognized, funds will be transferred for safe keeping to Agent's trust account. Funds will be distributed to owners from this trust account." (*Id.*)

Boyne's process, as Plaintiffs contend, involves two parts. (Doc. 267 at 26.) Boyne first deposits rental receipts into a company account. (Doc. 296, ¶ 168.) Boyne determines then what parts of the funds received represent the rental commission and moves that amount to a trust account. (*Id.*) The Court struggles to see how this arrangement violates Montana property management regulations, as Plaintiffs contend, given the three-day grace period allowed in the regulations and the provisions of the RMAs. A disputed question of fact also exists about whether the money received belongs to Boyne or the owners, and the RMAs allow Boyne to deduct fees and costs before placing money in the trust account. (*Id.*) The Court will deny summary judgment on this issue.

### D. Whether Boyne's Non-Compliance Constitutes Unprofessional Conduct

Plaintiffs argue that Boyne's alleged violations of property management regulations constitute unprofessional conduct. (Doc. 267 at 28–29.) The Court finds this issue depends on resolving the factual disputes regarding Boyne's recordkeeping and trust fund handling practices. The Court cannot determine whether Boyne acted unprofessionally without resolving those factual disputes.

## CONCLUSION

The Court grants summary judgment on the issue of Boyne's status as a property manager subject to Montana's property management regulations. The Court denies summary judgment on the issues of whether Boyne violated its recordkeeping and retention obligations, mishandled trust funds, and whether such non-compliance constitutes unprofessional conduct. These factual issues remain for trial.

## ORDER

Accordingly, **it is ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 266) is **GRANTED in part**.

DATED this 20th day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court