IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST; ROBERT AND NORA ERHART; and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>v.<br><br>BOYNE USA, INC.; BOYNE PROPERTIES, INC.; and SUMMIT HOTEL, LLC,<br><br>Defendants. | No. CV 21-95-BU-BMM<br><br><br>ORDER |

**INTRODUCTION**

The Court addresses one outstanding summary judgment motion from

Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC

1

(collectively "Boyne"). Boyne filed a motion for summary judgment on all claims against Boyne Properties, Inc. and Summit Hotel, LLC. (Doc. 329.) Plaintiffs Lawrence Anderson, Robert and Nora Erhart, and Tjarda Clagett (collectively "Plaintiffs") oppose the motion. (Doc. 366.) The Court held a hearing on the motion on January 16, 2025. (Doc. 384.)

## FACTUAL AND PROCEDURAL BACKGROUND

The Court previously has recited the factual background in this case at length. *See Anderson v. Boyne USA, Inc.*, 2023 WL 4235827 (D. Mont. June 28, 2023); *Anderson v. Boyne USA, Inc.*, 2024 WL 1486091 (D. Mont. Apr. 5, 2024). The Court will not reiterate here the factual background causing this litigation.

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248.

## DISCUSSION

I. **Claims Against Boyne Properties, Inc. and Summit Hotel, LLC**

2

Boyne argues for summary judgment on Plaintiffs' claims for damages and equitable monetary relief (Counts I-V) against Boyne Properties, Inc. and Summit Hotel, LLC ("the development entities"). (Doc. 330 at 1–2.) The Counts are best organized as: (1) contract claims; and (2) tort claims. The contract claims include: (1) breach of contract; and (2) breach of implied covenant of good faith and fair dealing. The tort claims include: (1) breach of fiduciary duty; (2) constructive fraud; and (3) unjust enrichment. The Court will address first the breach of contract claims and, second, the tort claims.

### A. Breach of Contract Claims

Boyne contends first that the breach of contract claim fails because neither development entity is a party to the RMAs. (Doc. 330 at 7.) Boyne argues second that the breach of the implied covenant of good faith and fair dealing claim also fails because it arises from the RMAs, and neither development entity is a party. (*Id.* at 8.) The Court disagrees.

Plaintiffs have sued under two breach of contract theories. (*See* Doc. 26, ¶¶ 118–125.) Those claims are based on the rental management agreement *and* the condominium declarations. (*Id.*, ¶¶ 119, 122.) Declarations are contractual under Montana law. *Lewis & Clark Cnty. v. Wirth*, 510 P.3d 1206, 1212–13 (Mont. 2022) ("[w]e employ principles of contract law when interpreting covenants") (internal citation omitted). Summit Hotel, LLC is party to the Summit declarations. (Doc.

3

269-12 at 20, ¶ 1.) Boyne Properties, Inc. is party to the Village Center declarations. (Doc. 269-14 at 25–26, ¶ 8.2.)

The declarations state that the management fee charged to the unit owners "cannot exceed fifty percent (50%) of the gross rental income of each Unit." (Doc. 269-12 at 20, ¶ 1; Doc. 269-14 at 25–26, ¶ 8.2.) The developmental entities designated Boyne USA, Inc. to act as the rental manager. (Doc. 269-12 at 20, ¶ 1; Doc. 269-14 at 25–26, ¶ 8.2.) To determine whether Boyne USA, Inc. charged more than a 50% management fee presents an issue of fact. (Doc. 361, ¶¶ 86–87.) If Boyne USA, Inc. did charge more than a 50% management fee, that would be a breach of the declarations to which the developmental entities are parties. Plaintiffs' claims against the developmental entities are thus material to the breach of contract claims.

### B. Tort Claims

Boyne contends that Plaintiffs' breach of fiduciary duty claim fails because neither development entity acted as Plaintiffs' rental agents. (Doc. 330 at 5–6.) Plaintiffs' theories for the existence of a fiduciary duty—contract and agency principles, special trust accounting rules for property managers, and investment manager status—do not apply to the development entities. (*Id.* at 5.) Boyne argues that the constructive fraud claim, based on the alleged fiduciary duty, also fails. (*Id.* at 6.) Boyne asserts that the alleged misrepresentations in monthly owner

statements prove irrelevant to the development entities, as those statements came from Boyne USA, Inc. (*Id.* at 6–7.)

The Court previously has determined that a fiduciary duty exists between Boyne USA, Inc. and Plaintiffs. (*See* Doc. 15 at 8–9; Doc. 64 at 9–11.) The developmental entities may be vicariously liable based on an agency theory due to the existence of such a fiduciary duty. Montana law states that a principal may be liable for an agent's "wrongful acts" and "willful omissions to fulfill the obligations of the principal." Mont. Code. Ann. § 28-10-602; *see also Crystal Springs Trout Co. v. First State Bank*, 732 P.2d 819, 823 (Mont. 1987) ("an agent is jointly and severally liable with his principal to third parties for wrongful acts committed in the course of his agency"). Another theory of agency relationship exists in the form of the principal-agent relationship through Boyne as a parent corporation using the developmental entities as subsidiaries. *See BNSF Ry. Co. v. Toltz, King, Duvall, Anderson & Assocs., Inc.*, 2017 WL 2683979 at *3 (D. Mont. June 20, 2017) ("[a] subsidiary corporation may be the mere agent of a parent company for a particular transaction if the parent company exercises control over the conduct and activities of the subsidiary so that in effect the subsidiary is merely acting on behalf of the parent") (internal citation omitted).

The developmental entities executed the condominium declarations. (Doc. 269-12 at 34; Doc. 269-14 at 43.) The condominium declarations designated

Boyne USA, Inc. as the rental manager. (Doc. 269-12 at 20, ¶ 1; Doc. 269-14 at 25–26, ¶ 8.2.) The condominium declarations further direct that the rental of the condominiums was to happen through an exclusive rental management agreement to be developed and administered by Boyne USA, Inc. (Doc. 269-12 at 20, ¶ 1; Doc. 269-14 at 25–26, ¶ 8.2.) Such a delegation may create liability under an agency theory. *Crystal Springs Trout Co.*, 732 P.2d at 823; *BNSY Ry. Co.*, 2017 WL 2683979 at *3.

The parties dispute the scope of the involvement of the developmental entities. (Doc. 361, ¶¶ 3–6.) The trier of fact should determine whether the developer entities were materially involved in developing the structure of the rental scheme and thus bear any responsibility. *Semenza v. Kniss*, 189 P.3d 1188, 1191 (Mont. 2008) (citing *Stillman v. Fergus County,* 317, 715 P.2d 43, 44 (Mont. 1986) ("allegations of agency often involve questions of fact which preclude resolution by summary judgment")). The Court will deny Defendants' motion for summary judgment regarding Plaintiffs' claim for breach of fiduciary duty based on the above reasoning. The Court also will deny Defendants' motion for summary judgment related to Plaintiffs' claim of constructive fraud because it relates to the underlying fiduciary duty claim.

Boyne argues also that the unjust enrichment claim fails because it relates to benefits from the rental management program, which only Boyne USA, Inc. is a

party. (*Id.* at 9.) Plaintiffs do not address directly the unjust enrichment claim in their response to Defendants' motion. (*See* Doc. 366.) To establish an unjust enrichment claim requires proof that "a benefit was conferred upon the recipient by the claimant." *Mont. Digital, LLC v. Trinity Lutheran Church*, 473 P.3d 1009, 1012 (Mont. 2020). It remains undisputed that Boyne Properties, Inc. or Summit Hotel, LLC were involved in the rental management agreement only to the extent that the condominium declarations contained the exclusive rental agreement provision and established the rental management fee cap. (Doc. 361, ¶¶ 4, 6.) Plaintiffs do not allege that the condominium declarants conferred to Boyne Properties, Inc. or Summit Hotel, LLC. (*See* Doc. 366.)  The Court will grant Defendants' motion for summary judgment regarding the unjust enrichment claim.

**CONCLUSION**

The Court denies Defendants' summary judgment on Counts I-IV against Boyne Properties, Inc. and Summit Hotel, LLC because the developmental entities were parties to the declarations, a fiduciary duty exists, and the scope of that fiduciary duty remains disputed. The jury must resolve these factual issues at trial. The Court grants Defendants' uncontested summary judgment on Count V against Boyne Properties, Inc. and Summit Hotel, LLC.

Accordingly, **it is ORDERED** that Defendants' Motion for Summary Judgment (Doc. 329) is **GRANTED in part and DENIED in part.**

DATED this 22nd day of January, 2025.

Brian Morris, Chief District Judge
United States District Court