IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST; ROBERT AND NORA ERHART; and TJARDA CLAGETT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BOYNE USA, INC.; BOYNE PROPERTIES, INC.; and SUMMIT HOTEL, LLC,<br><br>　　　　　Defendants. | No. CV 21-95-BU-BMM<br><br>ORDER |

## INTRODUCTION

Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC (collectively "Boyne") filed a motion in limine seeking the following relief: 1) to exclude evidence about Boyne's purported violations of the property management trust accounting regulations; 2) to exclude evidence of statutory remedies or penalties under the property management regulations; 3) to exclude evidence of Boyne's loss of accounting records before 2013; and 4) to prevent Plaintiffs from characterizing the failure of Boyne's computer server as a violation of the Montana

1

property management regulations. (Doc. 349.) Plaintiffs Lawrence Anderson, Robert and Nora Erhart, and Tjarda Clagett (collectively "Plaintiffs" or "Owners") oppose the motion. (Doc. 368.) The Court held hearings on the motions on January 16, 2024. (Doc. 384.)

## FACTUAL AND PROCEDURAL BACKGROUND

The Court previously has recited the factual background in this case at length. *See Anderson v. Boyne USA, Inc.*, 2023 WL 4235827 (D. Mont. June 28, 2023); *Anderson v. Boyne USA, Inc.*, 2024 WL 1486091 (D. Mont. Apr. 5, 2024). The Court will not reiterate here the factual background causing this litigation.

## LEGAL STANDARD

Motions in limine serve as procedural mechanisms "to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The decision on a motion in limine is committed to the district court's discretion, including the decision of whether to reserve ruling until trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab., Inc.*, CV-07-170-BLG-RFC, 2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

A court will grant a motion in limine only where "the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Co.*, 218 F.Supp.3d

2

1122, 1133 (D. Mont. 2016) (quoting *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888, at *1). Evidentiary rulings should be deferred until trial if evidence fails to meet the "inadmissible on all potential grounds standard." *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2. Deferring ruling on motions in limine allows a court to place "questions of foundation, relevancy and potential prejudice in proper context." *Id.* (internal quotations omitted). A court may alter its ruling to exclude evidence on a motion in limine if trial brings to light facts that the court failed to anticipate in its earlier ruling. *Bensimon*, 172 F.3d at 1127.

## DISCUSSION

**I. Evidence regarding Boyne's purported violations of the Montana property management trust accounting regulations.**

The Court has determined that Boyne is subject to the Montana property management trust accounting regulations. (Doc. 339.) Boyne fits the definition of a professional property manager and remains subject to the regulations. (*Id.* at 5.) As further determined by the Court, whether Boyne violated the regulations remains a factual dispute properly decided by the jury. Boyne argues that Plaintiffs "cannot show any damages caused by the alleged trust accounting violations." (Doc. 349 at 5.)

Plaintiffs do not need to provide evidence that Boyne's alleged breach of fiduciary duty proximately caused them injury. Plaintiffs only need to present

evidence that Boyne breached its duty of loyalty to Plaintiffs encompassed by Boyne's fiduciary duty. *Hendry v. Pelland*, 73 F.3d 397, 401 (D.C. Cir. 1996) (concluding that plaintiffs only needed to produce evidence of defendant's violation of their duty of loyalty to support a claim for a violation of common law fiduciary duty). Plaintiffs may be entitled to the equitable remedy of disgorgement. The potential application of this equitable remedy eliminates any requirement that Plaintiffs show any injury causally linked to Boyne's alleged breach of its duty of loyalty. The Court will reserve ruling until trial regarding the availability of any appropriate equitable remedies.

## II. Evidence regarding statutory remedies or penalties under the Montana property management trust accounting regulations.

Boyne seeks to exclude evidence of Plaintiffs' claims to any statutory remedies or penalties under the Montana property management regulations. (Doc. 349 at 8.) Plaintiffs agree that it would not be proper for the jury to consider the statutory penalties under the Montana code governing licensed real estate activities. (Doc. 368 at 15.) The Court will exclude any discussion of what penalties should be awarded under the Montana Real Estate Code. It remains for the Court to determine

any appropriate remedy under the Montana Real Estate Code. Mont. Code. Ann § 37-51-321(1) (*repealed* Oct. 1, 2023).

The jury may consider whether Plaintiffs potentially should be entitled to remedies under the Montana Real Estate Code. Boyne argues that Plaintiffs failed to plead special damages with sufficient specificity to put Boyne on notice of the claim, scope, and nature of the damages. Plaintiffs correctly assert that potential civil penalties and remedies under Montana code do not constitute "damages," but instead represent a statutory remedy of a particular scope. (Doc. 368 at 18., *citing* Fed. R. Civ. P. 54(c).) The Court will determine any appropriate relief if Plaintiffs present sufficient facts at trial to establish that Plaintiffs would be entitled to remedies under the Montana Real Estate Regulation.

### III. Evidence regarding Boyne's loss of accounting records for the period before 2013.

Boyne seeks to exclude evidence or argument concerning Boyne's loss of accounting records for the period before 2013 as a violation of the trust accounting rules. (Doc. 349 at 10-11.) Boyne further contends that Plaintiffs cannot recover damages related to rental transactions that pre-date 2013 as a matter of fact. (*Id.*) The Court already has decided this issue. (Doc. 116.) The Court concluded "that evidence from before December 2013, proves potentially relevant to Plaintiffs' claims that Boyne's long-standing rental management practices violate their rights." (*Id.* at 8.)

5

The Court will allow evidence of Boyne's loss of accounting records for the period before 2013.

IV. **Evidence regarding Boyne's server failure and Plaintiff's characterization of the server failure as a violation of the Montana property management trust accounting regulations.**

Boyne additionally seeks to limit discussion of Boyne's 2012 server failure as a regulatory violation. (Doc. 349 at 11.) For the same reasons described the Court will allow evidence of Boyne's activities as a rental manager. The jury may conclude that the alleged failure of Boyne's computer server in 2012 violated Boyne's duties under the trust accounting regulations. The Court declines to make any predetermination here. The Court directs Plaintiffs to refrain from making any statements or arguments that Boyne's server failure was "intentional or occurred in anticipation of litigation." (Doc. 116. at 13.) The Court will limit Plaintiffs from characterizing Boyne's server failure as deliberate or in bad faith. This limitation, however, does not preclude discussion of the server failure, the circumstances surrounding the server failure, and Boyne's efforts to recover the data.

## ORDER

Accordingly, **it is ORDERED** that Boyne's Motion in Limine (Doc. 348) is **GRANTED** in part as follows.

1. Evidence regarding Boyne's actions and conduct in comparison to the relevant Montana Trust Accounting Regulations will be allowed.

2. Evidence regarding available remedies under the Montana accounting regulations will be allowed.

3. Evidence of Boyne's server failure will be allowed.

4. The Court limits Plaintiffs to discussion of the server failure. Plaintiffs shall not discuss the server failure as an attempted "spoliation of evidence," an act taken in "bad faith," or an attempt by Boyne to destroy evidence in anticipation of litigation. Plaintiffs are further limited to any discussion of ill will on behalf of Boyne regarding the server failure.

5. The Court will reserve ruling on the admissibility of evidence or argument by Plaintiffs that Boyne's server failure violates Montana administrative law.

**DATED** this 6th day of February, 2025.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court