# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST; ROBERT AND NORA ERHART; and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>v.<br><br>BOYNE USA, INC.; BOYNE PROPERTIES, INC.; and SUMMIT HOTEL, LLC,<br><br>Defendants. | No. CV 21-95-BU-BMM<br><br>ORDER |

## INTRODUCTION

Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel, LLC (collectively "Boyne") filed a motion in limine seeking the following relief: 1) to prevent Plaintiffs from presenting evidence about Boyne's financial condition; 2) to limit Plaintiffs from presenting evidence related to disgorgement or other equitable remedies; 3) to exclude Plaintiff from presenting evidence of aggregate or class-wide damages; and 4) to exclude Plaintiffs' damages expert from offering an opinion that Boyne violated Montana's trust accounting rules. (Doc. 346.) Plaintiffs Lawrence

1

Anderson, Robert and Nora Erhart, and Tjarda Clagett (collectively "Plaintiffs" or "Owners") oppose the motion. (Doc. 367.) The Court held hearings on the motions on January 16, 2024. (Doc. 384.)

## FACTUAL AND PROCEDURAL BACKGROUND

The Court previously has recited the factual background in this case at length. *See Anderson v. Boyne USA, Inc.*, 2023 WL 4235827 (D. Mont. June 28, 2023); *Anderson v. Boyne USA, Inc.*, 2024 WL 1486091 (D. Mont. Apr. 5, 2024). The Court will not reiterate here the factual background causing this litigation.

## LEGAL STANDARD

Motions in limine serve as procedural mechanisms "to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The decision on a motion in limine is committed to the district court's discretion, including the decision of whether to reserve ruling until trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab., Inc.*, CV-07-170-BLG-RFC, 2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

A court will grant a motion in limine only where "the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Co.*, 218 F.Supp.3d 1122, 1133 (D. Mont. 2016) (quoting *Quad City Testing Lab.*, 2010 U.S. Dist.

2

LEXIS 113888, at *1). Evidentiary rulings should be deferred until trial if evidence fails to meet the "inadmissible on all potential grounds standard." *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2. Deferring ruling on motions in limine allows a court to place "questions of foundation, relevancy and potential prejudice in proper context." *Id.* (internal quotations omitted). A court may alter its ruling to exclude evidence on a motion in limine if trial brings to light facts that the court failed to anticipate in its earlier ruling. *Bensimon*, 172 F.3d at 1127.

## DISCUSSION

**I. Evidence relating to the Boyne's financial condition.**

The Court addressed both Boyne's and Plaintiffs' financial condition in a separation order on motion in limine. The Court will allow evidence of the financial condition of both parties, subject to the Court's further rulings during trial.

**II. Evidence regarding the equitable remedy of disgorgement or other equitable remedies.**

Boyne seeks to exclude Plaintiffs' request for the equitable relief of disgorgement. (Doc. 347 at 15-16.) Boyne claims that Plaintiffs have provided no evidence to suggest that Plaintiffs are entitled to equitable remedies and have failed to plead equitable remedies as the only available remedy. (*Id.* at 16-17.) The Court will decide whether the remedy of disgorgement would be proper should there be no other adequate remedy at law. *Tex. Adv. Optoelectronic Sols., Inc. v. Renesas Elecs.*

*Am., Inc.*, 895 F.3d 1304, 1319 (Fed. Cir. 2018). If the jury decides the issue of disgorgement, then a Court must treat that determination as advisory and "find the facts specially and state its conclusions of law separately." *Id*. citing Fed. R. Civ. P. 39(a), (c); 52 (a)(1). The Court lacks the proper context to rule on the equitable remedy of disgorgement and will reserve ruling until trial on evidence regarding disgorgement.

**III.    Evidence regarding Plaintiffs' aggregate or class-wide damages.**

Boyne seeks to exclude evidence presented by Plaintiffs' expert, Natalya Abdrasilova ("Abdrasilova"). Abdrasilova first sorted data provided by Boyne and then calculated total dollar amounts based on specific categories as listed in the "point of sale" ("POS") systems and Boyne's historical owner statements. (Doc. 347-2.) Plaintiffs retained Abdrasilova as a damages expert to opine on the different revenue streams, and the "total potential damages the class could recover," or the damages in the aggregate. (Doc. 367 at 24-25.) Abdrasilova discloses her calculations and expert opinion in her report. (Doc. 347-2, 367-1 at 4-5.)

Boyne and its retained expert, Chris Kraus ("Kraus"), take issue with the way Abdrasiolova calculated potential damages, but concedes that Boyne's POS system proves difficult to interpret and requires expert skill to sort the data and gather summary information. Abdrasiolova explained her calculations and the steps she took to reach the reported numbers. (Doc. 347-2 at 28-49.) Plaintiffs characterize

4

Abdrasiolova's calculations as "simple." (Doc. 367 at 29.) Abdrasiolova calculated the totals for each category of revenue and compared it to what Boyne charged Plaintiffs for management. (Id.) Abdrasiolova acknowledges that her calculations were simple. Abdrasiolova explained, however, the skill required to sort large datasets to make the simple calculations. (Doc. 367-4 at 6.)

The Court sees no reason why Abdrasiolova's testimony would not be relevant to understand Boyne's POS systems and to determine potential damages. Boyne will be allowed to present rebuttal evidence and raise appropriate objections should Abdrasiolova testify beyond the scope of her report and expertise.

IV. **Evidence from Plaintiff's damages expert, Natalya Abdrasilova, regarding Boyne's compliance with Montana's trust accounting rules.**

Boyne additionally seeks to limit Abdrasilova's testimony regarding her opinion that Boyne "did not follow Montana Department of Labor & Industry requirements for a property manager." (Doc. 347 at 20.) Federal Rule of Evidence 702 and the standards established in *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert testimony. *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (expanding *Daubert* to apply to technical and other specialized expert testimony).

Any expert testimony must be both relevant and reliable to be admitted. *Id*. A district court's "gatekeeping" obligation under *Daubert* applies to all expert

5

testimony. *Id*. at 147. Federal Rule of Evidence 702 requires the proponent of opinion testimony to demonstrate that "it is more likely than not" that an expert's "specialized knowledge will help the trier of fact" understand the issues, that the "testimony is the product of reliable principles and methods," and that an "expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(a), (c)-(d).

Abdrasilova's testimony and expertise will assist the jury in understanding the large records produced by Boyne and help summarize the data. Abdrasiolova opines that a "review of Boyne's trust account records indicates the Defendants did not follow Montana Department of Labor & Industry's requirements for property managers." (Doc. 347-2.) The Court already has determined that the Montana property management regulations apply to Boyne. (*See* Doc. 339 at 5.) Some of Abdrasiolova's testimony and report skirts the line between legal conclusion and expert opinion. Abdrasiolova may use the Montana property management regulations as guidance, but it falls outside the scope of her expertise to make conclusions of law or a finding that Boyne violated the rules. Abdrasiolova may testify about her knowledge of the regulations and requirements of the Montana property management regulations but should not make conclusions about whether Boyne violated those requirements.

6

## ORDER

Accordingly, **it is ORDERED** that Boyne's Motion for Limine (Doc. 346) is **GRANTED** in part as follows.

1. Evidence regarding either party's financial status will be allowed at trial.

2. The Court will reserve ruling until trial the admissibility of evidence related to disgorgement and equitable remedies.

3. Plaintiffs' expert Natalya Abdrasilova may testify based on her expertise and her calculation of potential damages.

4. Abdrasilova may testify about her knowledge of Montana's property management regulations and the applicability of those regulations to Boyne's activities, but shall not testify as to whether Boyne violated Montana's property management regulations.

**DATED** this 6th day of February, 2025.

_____
Brian Morris, Chief District Judge
United States District Court