# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC, et al.,<br><br>Defendants. | CV-21-95-BU-BMM<br><br>**PRELIMINARY APPROVAL ORDER** |

Plaintiffs' *Motion for Preliminary Approval of Class Action Settlement* ("Motion") came before the Court on February 27, 2025. (Doc. 397.) Plaintiffs were represented by and/or appeared through Ben Alke, J. Devlan Geddes, Jeffrey Tierney, Henry Tesar, and John Crist. Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel LLC (collectively "Boyne") were represented by and appeared/or through Mike Williams, Ian McIntosh, and Mac Morris. The Court reviewed the materials filed in the matter including the Agreement for Settlement and Release of All Claims between the Plaintiffs and Boyne ("Settlement Agreement") as part of the Plaintiffs' Motion.

THE COURT HEREBY FINDS AND IT IS HEREBY ORDERED:

1.     Plaintiffs filed a suit against Boyne alleging individual claims and class action claims seeking, among other things, declaratory and injunctive relief, damages and certification of a class under Federal Rules of Civil Procedure 23(b)(2) and (b)(3). (Doc. 1.)

2.     The Court certified a Rule 23(b)(2) class, for potential injunctive and declaratory relief, and a Rule 23(b)(3) class, for potential damages, consisting of all persons and entities, other than Boyne, that (i) own or have owned a unit in the Summit Hotel, the Shoshone Condominium Hotel, or the Village Center Condominium (collectively "Condo-Hotels") and (ii) participated in Boyne's Rental Management Program. (Doc. 113 at 36–37.)

3.     Plaintiffs and Boyne participated in a mediation on February 7, 2025, in Bozeman, Montana, with Mark Helm and Niki Mendoza of Phillips ADR Enterprises acting as mediators. As a result of that mediation, the Parties entered an arm's length agreement to settle this action on the terms now memorialized in the Settlement Agreement, executed by the parties on February 26, 2025. The Settlement Agreement is attached as Exhibit 1 to the Motion and is incorporated fully herein. All capitalized terms used in this Order and not defined herein shall have the meanings set forth in the Settlement Agreement. In the event of any

conflict between the descriptions in these paragraphs and the more detailed terms of the Settlement Agreement, the Settlement Agreement shall govern.

  4. The Court has jurisdiction and venue over this suit and the Settlement Class Members. Under Fed. R. Civ. P. 23(e), this Court's approval of any settlement is required.

  5. The Released Claims as defined in the Settlement Agreement all arise from the same nucleus of operative facts and form part of the same case or controversy as alleged against Boyne in Plaintiffs' *First Amended Complaint and Jury Demand* (Doc. 26) so that all the claims approved for settlement by this Order were or could have been asserted as class claims in this Action.

  6. Boyne has at all times disputed, and continues to dispute, Plaintiffs' allegations, and denies any liability for any of the claims that have or could have been alleged by Plaintiffs or other Settlement Class Members.

  7. The Court has considered the following items: (a) its prior order on class certification; (b) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings and motions previously filed by each of them in this case and the Court's prior orders; (c) information, arguments, and authorities provided by Plaintiffs in their Motion; (d) Defendants' conditional withdrawal, for the purpose of the Settlement, of their objections to certification of the settlement classes specified in the Settlement Agreement; (e) the terms of the

Settlement Agreement including, but not limited to, the definition of the settlement classes, the releases to be provided by the Settlement Class Members to Boyne, and the benefits to be provided to the Settlement Class Members; and (f) the Settlement's avoidance of any potential manageability issues, ascertainability issues, or individualized issues of fact and law that could have had a bearing on the certification of any proposed class. Based on those considerations, the Court hereby reaffirms its prior class certification findings and additionally finds as follows with respect tso the Settlement:

      a.      There are approximately 377 Settlement Class Members. The Court reaffirms that this number readily satisfies Rule 23's numerosity requirement.

      b.      The Court reaffirms there are questions of law and fact common to all members of the Rule 23(b)(2) Settlement Class and all members of the Rule 23(b)(3) Settlement Class.

      c.      The Court reaffirms Plaintiffs' claims are typical of the Settlement Class Members.

      d.      The Court reaffirms the Settlement Class Members are ascertainable.

      e.      Plaintiffs and Class Counsel have fairly, fully, and adequately protected the interests of the Settlement Class Members.

f. Defendants have acted or refused to act on grounds that apply generally to the Settlement Class Members, such that final declaratory relief and corresponding injunctive relief are appropriate with respect to the Rule 23(b)(2) Settlement Class as a whole.

g. The Court reaffirms questions of law and fact common to all members of the Rule 23(b)(3) Settlement Class predominate over any questions affecting only individual members for settlement purposes.

h. For purposes of determining whether the terms of the proposed Settlement are fair, reasonable, and adequate, the Court reaffirms its prior certification for the Rule 23(b)(2) Settlement Class as follows:

*All persons and entities, other than Defendants, that currently own one or more residential units in the Condo-Hotels, as well as any persons or entities that acquire ownership of one or more residential units in the Condo-Hotels before the Effective Date.*

i. For purposes of determining whether the terms of the proposed Settlement are fair, reasonable, and adequate, the Court hereby reaffirms its prior certification of the Rule 23(b)(3) Settlement Class as follows:

*All persons and entities, other than Defendants, that: (i) own or have owned a unit in the Condo-Hotels; (ii) have participated in Boyne's Rental Management Program on or after December 31,*

> *2013; and (iii) did not give timely notice of their election to opt out of the Rule 23(b)(3) class during the opt-out period, i.e., on or before September 20, 2024.*

j. The Court reaffirms its appointment of Plaintiffs as Class Representatives of the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class. The Court reaffirms its appointment of Ben Alke, J. Devlan Geddes, Jeffrey Tierney, Henry Tesar, and John Crist as Class Counsel for the Settlement Class Members.

8. On a preliminary basis, taking into account (1) the defenses asserted by Defendants, (2) the risks to the Settlement Class Members if the case proceeded to trial, and (3) the length of time that would be required for Settlement Class Members to obtain a final judgment through one or more additional trials and appeals, the Settlement Agreement appears fair, reasonable, and adequate. Moreover, the Parties reached the Settlement Agreement after the exchange of voluminous discovery and motion practice, and following arm's-length settlement negotiations with the assistance of a respected mediator. For all these reasons, the Settlement Agreement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

9. Accordingly, the Court finds the proposed Settlement as provided in the Settlement Agreement is fair and reasonable under the circumstances. This

finding and determination is subject to the Court's further review of objections, if any, filed regarding the Settlement according to the terms of the Settlement Agreement.

10. The Court finds that reasonable and adequate notice will be given to Settlement Class Members by providing the Notice attached as Exhibit B to Settlement Agreement and following the Notice Procedure set forth in the following paragraph.

11. The Court finds that reasonable and adequate notice of the Settlement will be given to Settlement Class Members if the Notice is sent by U.S. mail and email to each Settlement Class Member's last known mailing address and via email notice to each Settlement Class Member's last known email address as reflected within the records of Boyne or as may be known to the Settlement Administrator.

12. A hearing to consider objections, if any, and to finally determine if the Settlement Agreement is fair and equitable shall be heard at the Mike Mansfield Federal Courthouse on June 12, 2025, in Butte, Montana at 1:30 P.M. ("Final Settlement Hearing").

13. Any objections to the Settlement Agreement shall be filed with this Court on or before May 2, 2025, and shall be served on counsel as provided in the Notice. Failure to file a timely objection to the Settlement will be treated as a vote

in favor of amending the recorded documents as provided in Sections 4.2, 4.3, 4.4, and 4.5 of the Settlement Agreement. Any objector who wants to be heard at the Final Fairness Hearing shall file, and serve on counsel for the parties, a Notice of Intent to Appear at the Final Fairness Hearing with this Court on or before May 19, 2025.

14. On or before April 1, 2025, or within thirty (30) days following issuance of this Preliminary Approval Order, whichever occurs last, Boyne shall fund or cause to be funded $18,799,417.50 in cash to the Escrow Account establishing the Rule 23(b)(3) Settlement Fund.

15. The trial scheduled in this matter to begin on March 10, 2025, and all related deadlines are vacated.

16. If for any reason the Settlement Agreement ultimately does not become effective, the Settlement Agreement and the Rule 23(b)(2) Settlement Class and Rule 23(b)(3) Settlement Class shall be null and void in their entirety; this Order shall be vacated; the Parties shall return to their respective positions as they existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

DATED this 27th day of February, 2025.

_____

Brian Morris, Chief District Judge
United States District Court