# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, as trustee for the LAWRENCE T. ANDERSON AND SUZANNE M. ANDERSON JOINT REVOCABLE LIVING TRUST, ROBERT AND NORA ERHART, and TJARDA CLAGETT, | Cause No. 2:21-cv-00095-BMM |
| Plaintiffs, | |
| vs. | **FINAL APPROVAL ORDER** |
| BOYNE USA, INC., BOYNE PROPERTIES, INC., AND SUMMIT HOTEL, LLC, et al., | |
| Defendants. | |

Pursuant to the Court's Preliminary Approval Order and the Notice of Class Action Settlement ("Notice") sent to each Settlement Class Member (as defined in the Settlement Agreement), a final hearing on the reasonableness and fairness of the Settlement was held on June 23, 2025, in the U. S. District Court for the District of Montana, Butte Division. Plaintiffs were represented by and/or appeared through Ben Alke, J. Devlan Geddes, Jeffrey Tierney, Henry Tesar and John Crist and Defendants Boyne USA, Inc., Boyne Properties, Inc., and Summit Hotel LLC (collectively "Boyne") were represented by and/or appeared through Mike Williams, Ian McIntosh, and Mac Morris.

The Court has reviewed the materials filed in the matter including the Plaintiffs' Motion for Final Approval and Class Counsel's Application for Attorney's Fees, Costs, and Service Awards, and considered the comments offered at the hearing.

**THE COURT FINDS AND IT IS HEREBY ORDERED:**

1.      Plaintiffs filed a suit against Boyne alleging individual claims and class action claims seeking, among other things, declaratory and injunctive relief, damages and certification of a class under Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Doc. 1.

2.      The Court certified a Rule 23(b)(2) class, for potential injunctive and declaratory relief, and a Rule 23(b)(3) class, for potential damages, consisting of all persons or entities, other than Defendants, that: (i) own or have owned a unit in the Summit Hotel Condominium, the Shoshone Condominium Hotel, or the Lone Peak Center Condominium also known as the "Village Center" (collectively "the Condo-Hotels"); and (ii) participated in Boyne's Rental Management Program. Doc. 113.

3.      Plaintiffs and Boyne participated in a mediation on February 7, 2025, in Bozeman, Montana, with Mark Helm and Niki Mendoza of Phillips ADR Enterprises acting as mediators. As a result of that mediation, the parties entered an arm's length agreement to settle this action on the terms now memorialized in the

Settlement Agreement, executed by the parties on February 26, 2025 (captioned "Agreement for Settlement and Release of all Claims"). The Settlement Agreement was attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval and is incorporated fully herein. All capitalized terms used in this Order and not defined herein shall have the meanings set forth in the Settlement Agreement. In the event of any conflict between the descriptions in these paragraphs and the more detailed terms of the Settlement Agreement, the Settlement Agreement shall govern.

4.    The Court has jurisdiction over this suit and the Settlement Class Members and venue is proper. Under Fed. R. Civ. P. 23(e), this Court's approval of any settlement is required.

5.    The Released Claims as defined in the Settlement Agreement all arise from the same nucleus of operative facts and form part of the same case or controversy as alleged against Boyne in Plaintiffs' *First Amended Complaint and Jury Demand* (Doc. 26) so that all the claims approved for settlement by this Order were or could have been asserted as class claims in this Action. As such, the scope of the Released Claims is proper under the Ninth Circuit's identical factual predicate rule. *See Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010); *Kazi v. PNC Bank, N.A.*, 2021 U.S. Dist. LEXIS 48413, at *56 n.16 (N.D. Cal. Mar. 15, 2021) ("[T]he 'identical factual predicate' standard is best interpreted as coextensive with the 'common nucleus' standard for res judicata[.]").

**Notice of Proposed Settlement and Hearing**

6.     Pursuant to the Preliminary Approval Order, Class Counsel, through the Settlement Administrator, provided the Notice to all Settlement Class Members listed on the Class List.

7.     According to the declaration of JND Legal Administration LLC filed on May 23, 2025, along with Plaintiffs' *Motion for Final Approval of Class Action Settlement*, the Notice was sent via U.S. mail to all Settlement Class Members listed on the Class List. JND confirms that one objection to the Settlement was filed.

8.     Class members are to receive "the best notice that is practicable under the circumstances," and a court must direct notice "in a reasonable manner." Fed. R. Civ. P. 23(c)(2)(B), (e)(1)(B). Class Counsel and JND represent that they complied with the Notice procedure set forth in the Settlement Agreement and the Court's Preliminary Approval Order. Doc. 398. Notice of the pendency of the Settlement was sent via first class mail and electronic mail to the last known mailing and email addresses of the Class Members, meaning individual notice was provided to all Class Members identified through reasonable effort. Consistent with the findings of the Court's Preliminary Approval Order, Notice was reasonable and the best practicable under the circumstances.

9.      The Court finds that the Notice and Notice Procedure satisfied Due Process requirements.

**Final Class Certification**

10.     On June 28, 2023, the Court certified this class action under Rule 23(a), (b)(2), and (b)(3). Doc. 113. In the Court's Preliminary Approval Order (Doc. 398), the Court reaffirmed its certification analysis and its certification of the Rule 23(b)(2) and Rule 23(b)(3) classes for the purpose of settlement. Doc. 398, pp. 4–6. No circumstances have arisen that justify altering the Settlement Classes. Accordingly, final certification of the Settlement Classes is warranted.

**Approval of the Settlement Agreement**

11.     The Settlement Agreement was negotiated at arms' length and in good faith.

12.     The Settlement Agreement constitutes a fair, adequate, and reasonable settlement of all Released Claims.

13.     This court finds both the Rule 23(b)(3) Settlement Fund, the Rule 23(b)(2) CAPEX Contributions, the Rule 23(b)(2) Structure and Governance Requirements, and other relief secured by the Settlement Agreement to be of significant value to the Settlement Class Members.

14.     Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes

that the Settlement Agreement is fair, reasonable and adequate. As indicated by the orders on the parties' summary judgment and other motions—and the extensive briefing thereon—when the Settlement Agreement was reached, there remained many contested legal and factual questions to be decided at trial. With the prospect of a lengthy trial and potential appeal, the Settlement Agreement provides substantial compensation and prospective relief to the classes, which would be unavailable if Plaintiffs ultimately lost or were only partially successful. The Settlement Agreement avoids further delay and expense in obtaining recovery. The parties completed discovery and were preparing for trial when they participated in mediation with well-respected and experienced mediators. Class Counsel, with experienced litigators in both firms, state that, in their view, the Settlement Agreement represents an exceptional result. Importantly, only one class member objected to the Settlement Agreement during the objection period, while otherwise expressing general support for the intent and effect of the settlement, and that objection was subsequently withdrawn.

15.    This Court further finds that the Class Representatives adequately represented the interests of Settlement Class Members, including current owners who are members of the Rule 23(b)(2) Settlement Class.

16.    This Court further finds after considering all the circumstances that the Settlement Agreement is fair, reasonable, equitable and in the best interest of

the Settlement Class Members and hereby adopts and incorporates the terms of the

Settlement Agreement for purposes of this Order.

## **Reasonableness of Attorneys' Fees and Costs**

17.    No Settlement Class Members appeared at the time of the final

hearing to object to Class Counsel's Application for Attorney's Fees, Costs, and

Service Awards. Further, counsel for Defendants stated that Defendants had no

objection to Class Counsel's Application for Attorney's Fees, Costs, and Service

Awards.

18.    This Court finds that Class Counsel achieved an excellent result for

the Settlement Class Members.

19.    This Court finds that this case required significant outlays of time and

resources for Class Counsel and was vigorously litigated by both sides.

20.    This Court finds that many of the legal issues in this case were issues

of first impression in Montana and the overall level of complexity was high.

21.    This Court finds that the Settlement Class Members faced a

significant risk of no recovery, much of the cost of which would have been borne

by Class Counsel such that they took on significant financial risk on behalf of the

Settlement Class Members.

22.    This Court finds that Class Counsel's performance generated

substantial benefits to the Settlement Class Members beyond the Rule 23(b)(3)

Settlement Fund. While the value of the negotiated prospective Rule 23(b)(2) Settlement Class Member Benefits, in settlement of the claims for declaratory and injunctive relief, is not readily quantifiable such that it is not included in the Rule 23(b)(3) Settlement Fund for purposes of calculating an appropriate fee, the Court finds that it is nonetheless a substantial benefit with real economic and noneconomic value which justifies the requested fee percentage. *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (the value of injunctive relief can rarely be included in the value of the common fund but "[t]he fact that counsel obtained injunctive relief in addition to monetary relief for their clients is, however, a relevant circumstance to consider in determining what percentage of the fund is reasonable as fees."); *see also*, *e.g.*, *Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-00608 JCS, 2023 U.S. Dist. LEXIS 54274, at *62-63 (N.D. Cal. Mar. 29, 2023) (fees in this range approved in a class action settlement involving substantial monetary recovery and meaningful injunctive relief).

23.     Where the underlying claims are principally rooted in state law, as here, state law generally also governs or may inform the award of fees including the appropriate fee calculation methodology. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). This Court considered alternative measures for attorneys' fees, including the Lodestar method, and finds the percentage of recovery method to be to be appropriate, particularly given that the total amount of

the settlement is a fixed amount without any reversionary payment to Defendants. *See Chu v. Wells Fargo Invs., LLC,* 2011 U.S. Dist. LEXIS 15821, at *12 (N.D. Cal. Feb. 15, 2011) ("The percentage-of-the-fund method seems appropriate in this case, particularly given that the total amount of the settlement is a fixed amount of $6,900,000 without any reversionary payment to WFI."); *Tafelski v. Johnson*, 2024 MT 143, ¶ 28, 417 Mont. 160, 552 P.3d 40 (Mont. 2024) (approving district court's use percentage of recovery method and noting that a settlement for a common fund favors this method); *Beck v. City of Whitefish*, 2024 U.S. Dist. LEXIS 215355, at *7 (D. Mont. Nov. 26, 2024) (applying percentage of recovery method when "the benefit to the class is easily-quantified[.]").

24.    In Montana, a one-third fee on contingency cases is customary and has been recently approved as an appropriate standard for fixing attorney's fees based on a common fund recovery and in the setting of a complex class action where counsel secured both a significant monetary recovery and meaningful prospective equitable relief. *Tafelski*, ¶ 27; *see also Beck* at *8 (approving one-third fee award); *Hageman v. AT&T Mobility LLC*, 2015 U.S. Dist. LEXIS 25595, at *11–12 (D. Mont. Feb. 11, 2015) (same); [.]"); *Mont. Land & Mineral Owners Ass'n, Inc. v. Devon Energy*, No. CV-05-30-H-RKS, Doc. 120 (D. Mont. Aug. 24, 2007) (same).

25.    Based on the exceptional result achieved and consideration of the additional factors dictated by the Montana Supreme Court, the Court finds the one-third fee to be reasonable.

**Reasonableness of Service Awards**

26.    The Court finds that incentive awards of $10,000.00 each for the Class Representatives is fair and reasonable in light of, *inter alia*: (i) the substantial time and effort of the Class Representatives devoted to this class action and the over 3-year duration of this litigation; (ii) the significant financial and reputational risks faced by the Class Representatives through their participation in this action, including their exposure to a significant costs order; (iii) the amount of the service awards when compared to the settlement share Settlement Class Members will receive when compared to the gross and net settlement amount; (iv) the excellent results achieved by the Class Representatives on behalf of the Settlement Class Members; and (v) the loss of rental revenues the Class Representatives faced during the course of this litigation.

**Objections**

27.    On May 2, 2025, the Shoshone Condominium Hotel Owners Association, Inc. ("SCHOA") and Lance Wallin, individually and as a member of the SCHOA board (collectively the "objectors") lodged an objection to the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e). Doc. 405. The objection

principally concerned the scope of the release and expressed concern that the release might interfere with separate ongoing litigation or preclude future litigation about other issues involving the condominium declarations. SCHOA/Wallin further objected that there was not an adequate class representative on behalf of only the 23(b)(2) class (i.e. a current owner who is affected by the declaratory and injunctive relief but does not stand to recover any monetary damages) and that an additional opt-out opportunity should be afforded. The objectors stated that they otherwise supported the intent and results of the settlement. *Id.* at 5.[1]

28.     On June 6, 2025, Boyne filed a stipulation indicating that the parties and the objectors reached an understanding, including about the scope of the release, sufficient to resolve the objection. Doc. 412. SCHOA/Wallin then withdrew their objection. Doc. 413.

29.     Court inquiry into the substance and circumstances of a withdrawn objection to a class action settlement, and Court approval of the withdrawal, may be required to guard against collusive side agreements. However, if the objection is surrendered on terms that do not affect the class settlement the Court may approve the withdrawal "without elaborate inquiry." Fed. R. Civ. P. 23(e)(5) (previously

---

[1] It is unlikely that SCHOA has standing to object because it is not a member of either class, but the Court need not decide this issue in light of the withdrawal of the objection and because Mr. Wallin is a class member. *See, e.g.*, *Bickley v. Schneider Nat'l, Inc.*, 2016 U.S. Dist. LEXIS 167145, at *4 (N.D. Cal. Oct. 13, 2016) (objector lacked standing because he was not a class member).

23(e)(4)) and Committee Notes on 2003 Amendments to F. R. Civ. P. 23. Court

approval is no longer required for every withdrawn objection, but some inquiry is

appropriate when consideration is given in exchange for withdrawal of an

objection or when the objection claims to assert or may otherwise affect the rights

and interests of other class members. Committee Notes on 2009 Amendments to F.

R. Civ. P. 23. The Court will therefore consider and briefly address the objections

and the effect of their withdrawal.

30.     Beginning with the principal objection about the scope of the release,

objectors stated that SCHOA "has two pending lawsuits against the Defendants

where the proposed Release in the Settlement Agreement threatens a release or

waiver of SCHOA's claims and those of its members." Doc. 405, p. 5. Boyne

dismissed one of these lawsuits, expressly stipulated that the settlement will not

release the SCHOA's claims in the other pending suit, and further stipulated that

certain contentious provisions in the Shoshone condominium declarations are

excluded from the release, thus addressing the objectors' concerns. Doc. 412.

31.     As set forth above, the Court finds that the scope of the release in the

Settlement Agreement is proper and consistent with the Ninth Circuit's identical

factual predicate rule such that the objectors' concerns about unrelated disputes

being swept into the release are unfounded. Regardless of the language used in the

parties' agreement, as a matter of law a class action release is only effective on

claims "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse*, 598 F.3d at 590 (quoting *Williams v. Boeing Co*., 517 F.3d 1120, 1133 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992)). In other words, the Settlement Agreement will not—indeed cannot—operate to bar claims that are not based on the identical factual predicate as the claims asserted in this class action. *Williams*, 517 F.3d at 1134.

32.    The stipulation given in exchange for withdrawal of the objection thus clarifies but does not materially change the legal effect of the language of the release. In any case the release is appropriate, consistent with controlling law, and otherwise fair and reasonable so the withdrawal of the objection is unproblematic.

33.    SCHOA/Wallin's second objection was that the settlement should not be approved because no class representative separately represented the interests of class members who were only part of the Rule 23(b)(2) class seeking declaratory and injunctive relief.

34.    Objectors did not point to anything to show that the Settlement Agreement was unfair and only argued that that failure to appoint a Rule 23(b)(2) only class representative "raises into question the fairness and reasonableness . . . ." *Id.* Any such question is put to rest by the relief obtained. The settlement treats everyone fairly and is more than reasonable. It settles the claims for both the Rule 23(b)(2) and Rule 23(b)(3) classes, separately. Plaintiffs did not attain a

higher settlement on behalf of the Rule 23(b)(3) class by trading away or

discounting the Rule 23(b)(2) claims, as evidenced by the fact that Boyne is giving

up its disputed right to act as exclusive rental manager.

35.     SCHOA/Wallin's third objection was that a second chance to opt out

should have been afforded, at the settlement stage, because "class members here

could not have known what the terms of the settlement would be and what the

scope of the release would be[.]" Doc. 405, p. 14. Second opt-out opportunities at

settlement of a certified class action, after the initial opt-out process at the class

certification stage, are "unusual" and not required by due process. *Low v. Trump

Univ., LLC*, 881 F.3d 1111, 1121–22 (9th Cir. 2018) ("Our precedent squarely

forecloses this argument."). And, as previously stated, the scope of the release is

determined by well-settled and binding law so there was no unfair surprise. Class

members were afforded a full and fair opportunity to state any objections they may

have had to the proposed settlement which satisfies Rule 23 and due process. *Id.*[2]

36.     The consideration given for the withdrawal of the SCHOA/Wallin

objection was not monetary and does not bear any other hallmarks of collusion or

unfairness. The agreement with the objectors resulted in a stipulation that

---

[2] The Court also notes that, insofar as the objectors' concern was that the release might foreclose other claims for declaratory or injunctive relief concerning the validity and effect of other provisions of the condo declarations, as their written objection suggested, there was never a right to opt out of the Rule 23(b)(2) claims.

clarifies but does not materially change the Settlement Agreement or its legal effect. If anything, the stipulation given to resolve the objection favors the class members by eliminating some possible ambiguity and avoiding potential conflict about other claims and litigation. It does not purport to limit or compromise the rights of other class members in exchange for the clarifying agreement. The Court thus concludes that neither SCHOA/Wallin's objections, nor their withdrawal of the same, presents any fairness concerns or renders the settlement unreasonable. The Court approves the stipulation to resolve the objection (Doc. 412) and approves SCHOA/Wallin's withdrawal of the objection (Doc. 413). Consequently, there are no objections to the proposed Settlement Agreement and the class members' support for the settlement is unanimous.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

A.     The Court has jurisdiction over the subject matter of this civil cause and over all claims raised therein and all parties thereto, including the settlement classes, and to consider and enter this order.

B.     For the purposes of the Settlement and this Final Approval Order, the Court hereby reaffirms certification of:

        i.     Rule 23(b)(2) Settlement Class: *All persons and entities, other than Defendants, that currently own one or more residential units in the Condo-Hotels, as well as any persons or entities*

*that acquire ownership of one or more residential units in the*

*Condo-Hotels before the Effective Date.*

ii.    Rule 23(b)(3) Settlement Class: *All persons and entities, other*

*than Defendants, that: (i) own or have owned a unit in the*

*Condo-Hotels; (ii) have participated in Boyne's Rental*

*Management Program on or after December 31, 2013; and (iii)*

*did not give timely notice of their election to opt out of the Rule*

*23(b)(3) class during the opt-out period, i.e., on or before*

*September 20, 2024.*

C.    The notice given to Class Members of the Settlement Agreement and related matters constitutes the best notice practicable under the circumstances, was sufficiently informative and gave sufficient opportunity for response, was the best notice practicable under the circumstances, provided due and sufficient notice to the settlement classes of the pendency of the action, certification of the settlement classes, the existence and terms of the Settlement Agreement, the fairness hearing, and was effectuated as required by the Court, and, accordingly, complies in all respects with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

D.    There was one objection to the settlement which was resolved by stipulation and withdrawn. The Court has nonetheless considered the objection, the

parties' responses thereto, and the resulting stipulation to ensure fairness to all class members. The objections do not raise any legitimate concerns about the fairness or reasonableness of the settlement. The stipulation to resolve the objections and the withdrawal of the same likewise do not raise any fairness concerns and do not materially affect the Settlement Agreement. The Court therefore approves both the stipulation to resolve the objection (Doc. 412) and the objectors' withdrawal of their objection (Doc. 413).

E.     All persons or entities who have not made their objections to the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

F.     Class Representatives and Class Counsel on the one hand, and Defense Counsel and Defendant on the other, have conducted arm's length negotiations in good faith, with the assistance of two well-respected mediators, which resulted in the proposed Settlement reflected in the Settlement Agreement.

G.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that the Settlement is, in all respects, fair, reasonable, and adequate with respect to the classes, and directs the Settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference, and every term and

provision thereof shall be, and is, deemed incorporated herein as if set forth expressly and verbatim and shall have the full force and effect of an order of this court.

H.     As of the Effective Date, each of the Releasing Parties as defined in the Settlement Agreement shall become fully bound by all the releases and other obligations and conditions as set forth herein and in the Settlement Agreement and shall be deemed to have released the Released Claims against the Released Parties as provided in the Settlement Agreement.

I.     Except as necessary to enforce this Order and the Settlement Agreement, Plaintiffs, Settlement Class Members, and their heirs, personal representatives, assigns, and successors are barred from bringing claims against any of the Released Parties for any Released Claims as specifically defined in the Settlement Agreement.

J.     Those persons or entities who previously opted out of the Rule 23(b)(3) Class are excluded from the Rule 23(b)(3) Class and shall not be bound by the Final Order and Judgment related to the Rule 23(b)(3) claims nor receive any benefit thereunder. Those persons or entities who previously opted out of the Rule 23(b)(3) Class but are still members of the Rule 23(b)(2) class will be bound by the Final Order and Judgment related to the Rule 23(b)(2) claims.

K.     The Settlement Agreement shall not be deemed to constitute an

admission or finding of liability or wrongdoing on the part of Defendants, or any Plaintiff, Class Member, or Releasees.

L.    Defendants have escrowed with the Settlement Administrator in an interest bearing Escrow Account the sum of $18,799,417.50 ("Rule 23(b)(3) Settlement Fund") in accordance with the Settlement Agreement.

M.    Because the Escrow Account is an interest bearing account, the Settlement Administrator is authorized to withhold and pay tax withholdings sufficient to state and federal taxes on the interest ("Tax Payments").

N.    The Rule 23(b)(3) Settlement Fund, less approved Settlement Fund Attorney's Fees, Service Awards, Tax Payments, Administrative Costs and expert costs, shall be distributed to the Rule 23(b)(3) Settlement Class Members in accordance with the Settlement Agreement and the individual calculations made by Plaintiffs' forensic accountant.

O.    All interest accrued from the Escrow Account through the date of distribution, less Tax Payments, shall become part of the Rule 23(b)(3) Settlement Fund.

P.    The reasonable attorneys' fees of Class Counsel are and shall be one-third of the Rule 23(b)(3) Settlement Fund ("Settlement Fund Attorneys' Fees") ($6,265,845.85, plus accrued interest), plus the CAPEX Attorney's Fees as defined in the Settlement Agreement (i.e., $2,066,860.40). Class Counsel's reasonable

litigation costs ("Litigation Costs") are and shall be awarded in the amount of $344,564.65. The Administration Costs and expert costs related to calculation of class members' settlement payments are reasonably estimated to be in the amount of $40,000 and $15,000, respectively. The Class Counsel's Settlement Fund Attorneys' Fees, Litigation Costs, and the actual expert costs related to the calculation of class members' settlement payments shall be paid by the Settlement Administrator from the Escrow Account to Class Counsel. The actual Administration Costs incurred by the Settlement Administrator shall be paid by the Settlement Administrator to the Settlement Administrator. The Tax Payments shall be paid by the Settlement Administrator to the appropriate taxing authorities. The remaining amount of the Rule 23(b)(3) Settlement Fund shall be paid to the Rule 23(b)(3) Settlement Class Members based on the individual calculations made by Plaintiffs' forensic accountant.

    Q.    In making its award of attorneys' fees and reimbursement of expenses, the Court has considered the following and finds as follows:

        i.    The Settlement provides significant relief to the classes and is an exceptional result.

        ii.    Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy of behalf of the classes.

iii.    The litigation involves complex factual and legal issues and, in the absence of the Settlement, would involve further lengthy proceedings and uncertain resolution of the issues.

iv.    Had the Settlement not been achieved, there would remain significant risk that the classes may have recovered (monetarily and prospectively) less or nothing from the Defendants, and that any recovery would have been significantly delayed.

v.    The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable, given the amount of time and effort expended to achieve the Settlement on behalf of the Plaintiffs and the classes, the associated litigation and financial risks involved, the estimated value of the benefits obtained for the classes, and the amount awarded is consistent with awards for class actions in Montana, this District, and the Ninth Circuit.

R.    The Court hereby grants awards to the Class Representatives as follows for their extensive participation and risk incurred, to be distributed in accordance with the Settlement Agreement:

i.    $10,000 to Lawrence Anderson from the Rule 23(b)(3) Settlement Fund;

ii.    $10,000 to Robert Erhart from the Rule 23(b)(3) Settlement Fund;

iii.    $10,000 to Nora Erhart from the Rule 23(b)(3) Settlement Fund; and

iv.    $10,000 to Tjarda Clagett from the Rule 23(b)(3) Settlement Fund.

S.    Within seven (7) days of the Effective Date, as that term is defined in the Settlement Agreement, Defendants and Class Counsel shall instruct the Settlement Administrator to release from the Escrow Account all funds to be paid according to the Settlement Agreement and this Order. This amount will be released per the Settlement Agreement to pay the amounts to be distributed to Rule 23(b)(3) Settlement Class Members, Class Counsel's Settlement Fund Attorneys' Fees, Litigation Costs, Administration Costs, expert costs, and Tax Payments. Class Counsel's Settlement Fund Attorneys' Fees, Litigation Costs, Administration Costs, expert costs, and Tax Payments will be released by the Settlement Administrator as directed by Class Counsel.

T.    The CAPEX Attorneys' Fees award shall be paid as provided in Section 3.2 of the Settlement Agreement.

U.    All Distribution Checks must be cashed by Settlement Class Members within 180 days of the Distribution Date.

V.    Residual funds remaining in the Escrow Account resulting from Uncashed Distribution Checks shall be distributed to the Homeowners' Association for the Condo-Hotel from which the Settlement Class Member who failed to cash an Uncashed Distribution Check was a member as a *cy pres* payment.

W.    Any other residual funds remaining in the Escrow Account shall be distributed to the Homeowners' Associations based on the same formula used to calculate the Rule 23(b)(2) CAPEX Contributions.

X.    No funds will remain in the Escrow Account after the release of the funds as required by the Settlement Agreement and by this Order.

Y.    Certain elements of the negotiated declaratory and injunctive relief, including stipulated revisions to the Condo-Hotel declarations regarding rental management and hotel management exclusivity and Homeowners' Association governance as provided in Sections 4.2, 4.3, 4.4, and 4.5 of the Settlement Agreement, shall be set forth in a separate judgment suitable for recording.

Z.    Any Settlement Class Member who did not file a timely objection to the Settlement is hereby deemed to have voted in favor of amending the recorded documents as provided in Sections 4.2, 4.3, 4.4, and 4.5 of the Settlement Agreement.

AA.    Upon entry of this Order and upon the Effective Date, as that term is

defined in the Settlement Agreement, Class Counsel and Defendants' counsel shall file a stipulated motion for entry of the Settlement Order and Judgment contemplated by the Settlement Agreement, which shall be considered a final order, subject to appeal under Rule 54.

Dated this 25th day of June 2025.

_____
Brian Morris, Chief District Judge
United States District Courts